UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

UNITED STATES

v.                    606CR026

CHARLES WILLIS

### ORDER

### I. INTRODUCTION

Evidently sensitive to the fact that federally convicted defendants generally get just one bite at the 28 U.S.C. § 2255 apple, defendant Charles Willis invokes two different legal remedies in moving this Court to correct its 1/9/08 sentence. Doc. # 700 (judgment); # 831 at 2-3 ("motion requesting jurisdiction" invoking both 18 U.S.C. § 3582(c)(2) and F.R.Cr.P. 35(a)). As will be explained *infra*, only § 2255 applies, and the Court is inclined to grant him the relief he requests. But first it must warn Willis of the "one-bite" rule, then let him decide whether to exercise one of three options.

### II. BACKGROUND

Following his guilty plea to conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, doc. # 629-30, this Court sentenced Willis to 192 months' imprisonment, doc. # 700, and the Eleventh Circuit affirmed. *U.S. v. Willis*, 2008 WL 2579665 (11th Cir. 7/1/08) (unpublished).

### III. ANALYSIS

The complicating factor here stems from the fact that the Court sentenced Willis as an 18 U.S.C. Appx. § 4B1.1 career offender based on his prior, Northern District of Georgia, conviction for maintaining a continuing criminal enterprise[1] (CCE), plus conspiracy/drug charges. Willis objected at sentencing, claiming that his prior criminal records showed he did not meet the CCE criteria -- because there had been no "intervening arrest" between the two prior felonies that this Court cited in enhancing his sentence. That term arises from U.S. Sentencing Guideline, 18 U.S.C. Appx. § 4B1.1(a):

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least *two prior* felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1 (emphasis added).

Those two prior felonies must not be "related" so that they can be counted separately by the sentencing court. 18 U.S.C. Appx § 4A1.2. Put another way, "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an *intervening arrest* (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense)." 18 U.S.C. Appx § 4A1.2(a)(2) (emphasis added); *see generally* ANN., *When are prior offenses "related" under United States Sentencing Guideline sec. 4A1.2 so as to be treated together for sentencing*, 128 A.L.R.FED. 483 § 31 (1995).

In *U.S. v. Newbold*, 215 Fed.Appx. 289, 292-93 (4th Cir. 2007), for example, "[t]he district court applied the career-offender enhancement because it found that Newbold's 1984 state and federal felony convictions for drug distribution

---

[1] *See generally* 8A FED.PROC., L.ED. § 22:359 (*Continuing criminal enterprise*) (Apr. 2008).

were two separate offenses for sentencing purposes. Newbold [did] not deny that the § 4B1.1 enhancement would otherwise apply to him, but he argue[d] that these two previous drug offenses [in fact were] 'related' under the meaning of Guideline § 4A1.2." *Id.* at 293.

The Fourth Circuit disagreed. "Based on the commentary to U.S.S.G. § 4A1.2 [it explained], '[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest.' U.S.S.G. § 4A1.2 cmt. n. 3." *Id.* Since Newbold conceded that an intervening arrest separated his two 1984 drug convictions, the district judge did not err. *Id.*

During the sentencing hearing in this case Willis claimed that there was no intervening arrest but could not then produce supporting documentation. Doc. # 753 at 5-13. He supplies it now to show that his prior felonies *are* related because they were *not* separated by an intervening arrest. Doc. # 831 at 4-7.

The Government concedes:

Post-sentencing (and apparently post-appeal, as Willis did not raise this claim in his appeal), Willis obtained copies of the official records in his NDGA cases and he now presents them to the Court in support of his claim that he is entitled to be resentenced absent the career offender enhancement. [See Doc 831-Pgs 4, 7; *see also* Doc 823-Exhibits] The Probation Office has undertaken a review of Willis' filings, and concurs with Willis' claim that he is entitled to be resentenced.

Doc. # 835 at 2.

However, the U.S. correctly points out that Willis is limited to using § 2255 to seek this relief,[2] and *Castro v. U.S.*, 540 U.S. 375 (2003), requires this Court to first warn him "about the successive restrictions before a court recharacterizes a motion as a § 2255 motion...." *Williams v. U.S.*, 491 F.3d 1282, 1285 n. 5 (11th Cir. 2007); *U.S. v. Goodrum*, 2008 WL 906853 (M.D.Ga. 4/2/08) (unpublished).

In other words, defendants can generally file just *one* § 2255 motion, and thus should bring *all* of their claims in it (hence, no piecemeal litigation is permitted). And district judges -- who, correspondingly, are obligated to reach all claims, *Sanchez v. U.S.*, 2007 WL 2573979 at * 2 (11th Cir. 9/7/07) (unpublished) -- must warn defendants of that limitation before they recharacterize a defendant's motion as a § 2255 motion. Willis, who conspicuously declined to characterize the instant motion as a § 2255 motion, is therefore

---

[2] Recall that Willis is invoking 18 U.S.C. § 3582(c) and F.R.Cr.P. 35. 18 U.S.C. § 3582(c) authorizes a district court to modify an imprisonment term in only 3 situations: (1) upon motion of the Director of the Bureau of Prisons for the reasons specified in 18 U.S.C. § 3582(c)(1)(A); (2) to the extent permitted by statute or by F.R.Cr.P. 35; or (3) when the Sentencing Commission has reduced the guideline range for the defendant's offense and made the reduction retroactive. 18 U.S.C. § 3582(c). *Goodrum*, 2008 WL 906853 at * 2.

F.R.Cr.P. 35, meanwhile, authorizes the correction of clear error "[w]ithin 7 days after sentencing," Rule 35(a), or upon the *Government's* motion. Rule 35(b). More than 7 days have passed and no Government motion is before the Court. So, that rule cannot be invoked by Willis either.

A § 2255 motion thus is the proper means to challenge the validity or lawfulness of a conviction. Indeed, it expressly authorizes prisoners like Willis to move this Court to vacate, set aside or correct a sentence "imposed in violation of the Constitution or laws of the United States...." 28 U.S.C. § 2255(a). That remedy applies unless Willis can show that § 2255 is inadequate or ineffective. *Lee v. Vazquez*, 266 Fed.Appx. 846, 848 (11th Cir. 2008). Willis has not shown that here.

advised that if the Court considers his pleading pursuant to § 2255, he is likely to be barred in the future from filing a second or successive motion under § 2255. [Federal law] prohibits federal prisoners from attacking their convictions through successive habeas corpus petitions except under a few limited circumstances. Thus, [Willis] has three options: (1) he may have the Court rule on the instant [motion] as filed; or (2) he may have the Court recharacterize [it] as a motion to vacate pursuant to 28 U.S.C. § 2255; or (3) he may withdraw the instant [motion].

*Caballero v. U.S.*, 2008 WL 215868 at * 1 (M.D.Fla. 1/24/08) (unpublished). Defendant also should mind the one-year, limitations clock. *See Williams*, 491 F.3d at 1284.

## IV. CONCLUSION

Accordingly, defendant Charles Willis's "jurisdiction" motion (doc. # 831) is **DEFERRED** pending his response to the *Castro* warning set forth *supra*.

This  29  day of July, 2008.


_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA