# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| CHARLES ANTHONY WILLIS, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | Case No. CV612-089 |
| UNITES STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Charles Anthony Willis has filed a second 28 U.S.C. § 2255 motion. Doc. 1364.[1] He was convicted, upon his guilty plea, of conspiracy to distribute an unspecified quantity of crack and powder cocaine. Doc. 700, 900. He unsuccessfully appealed the resulting 192-month sentence, *United States v. Willis*, 284 F. App'x 687 (11th Cir. 2009) (*Willis I*). Willis then moved this Court for 28 U.S.C. § 2255 relief [2] and prevailed

---

[1] The Court is citing only to the criminal docket and using its docketing software's pagination; it may not always line up with each paper document's printed pagination.

[2] In it he argued that his lawyer provided him with ineffective assistance of counsel for: (1) failing to challenge the career offender enhancement; (2) failing to contest the firearm enhancement; (3) failing to object to the drug amounts attributed to him in the PSR; (4) ineffectively handling a motion to suppress evidence, including a firearm; (5) failing to object to improper venue; and (6) advising him to accept the plea agreement. The Government conceded that Willis was not eligible for the career offender enhancement, but argued that the remaining claims were meritless. Doc. 870 at 4-18; doc. 1284 at 5.

on one of six ineffective assistance of counsel (IAC) claims -- that his lawyer should have challenged the imposition of a career offender sentencing enhancement. Doc. 870; doc. 937 at 32-33; doc. 956.

Consequently, the Court resentenced him -- to 151 months. Doc. 1007. Willis was still unhappy. He had cooperated with the government throughout the case. Pursuant to its plea bargain obligation, the government re-requested a U.S.S.G. § 5K1.1 downward departure on his sentence. Doc. 1021 at 19-21. That request led the Probation Office to recommend a 124-month sentence. Doc. 1364-3 at 2-3. Even though the resentencing judge had granted a § 5K1.1 downward departure at Willis's first sentencing, he refused it at the second. Doc. 1021 at 17-22. Also at that hearing, Willis renewed his first § 2255 motion's ineffective-assistance based challenges to other sentence enhancements -- the quantity of drugs attributable to him and a firearm enhancement. The judge refused to consider them, too. *Id.* at 9-11.

Willis then unsuccessfully appealed. *United States v. Willis*, 649 F.3d 1248 (11th Cir. 2011) (*Willis II*). *Willis II* concluded that so long as the judge clearly understood that he had the power to depart from the U.S. Sentencing Guidelines range, there was no jurisdiction even to

consider on appeal the refused downward-departure request. *Id.* at 1258-59. The judge, the panel concluded, did clearly understand that principle, so there was no jurisdiction to consider that issue. *Id.* And Willis "waived his right to challenge the district court's [remaining] adverse ruling on his § 2255 motion" by failing to properly present them on appeal. *Id.* at 1255.

In this second § 2255 motion[3] Willis claims his resentencing counsel, Lance J. Hamilton, was ineffective because he bungled those and other issues. He also raises a substantive claim. Doc. 1364 at 4-5; docs, 1365, 1378 & 1379. As the government points out, doc. 1383 at 43, in various filings Willis in substance repeats the same claims but in different form (e.g., his claim that counsel was ineffective for failing to ensure that he "received a legally sufficient remedy). Doc. 1365 at 54; *see also* doc. 1378 (arguing that counsel should have sought a Certificate of Appealability). Those claims are consolidated below. The Court reviews these ineffective-counsel claims under the familiar two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984), which

---

[3] It is not successive. *Sanders v. United States*, 2010 WL 1490076 at * 1 n. 1 (S.D. Ga. Mar. 10, 2010) ("a § 2255 motion is not second or successive where the defendant seeks to vacate an amended sentence on grounds opened by resentencing. . . .").

3

requires Willis to show both that his attorney's performance was deficient and that it prejudiced his defense. *Id.* at 687, 694.

# I. ANALYSIS

## A. Downward Departure

Hamilton provided ineffective assistance, says Willis, by failing to argue that the resentencing judge was bound to grant him the same downward departure the second time that he did the first. Doc. 1365 at 13-19. Willis contends that 124 months (applying the same 18% substantial assistance reduction that he received on the first sentencing) is the proper sentence, and he illuminates the Probation Department's recommendation of 124 months, too. Doc. 1365 at 32; doc. 1364-3 at 2-3.

The prism through which that claim must be viewed was set by *United States v. Stinson*, 97 F.3d 466 (11th Cir. 1996), which held that once the original sentence is vacated in *toto*, the sentencing judge is free to reconstruct the sentence using any of the sentencing components at his disposal (current conviction, prior offenses, cooperation, etc.). *Id.* at 469. Stinson successfully appealed a claimed sentencing error on a 425-month sentence and wound up with that same sentence upon his re-sentencing. *Id.* at 468. The appellate court held that the re-sentencing

judge was free to apply an upward-departure argument (from the government) that she had rejected the first time around. *Id.* at 468-69.

Movants like Willis thus assume some risk when they get their sentence vacated: the resentencing judge is free to reconsider sentence components and reconfigure the sentence anew.[4] That obviously includes (and that was the case here) *not* applying sentence components and thus limiting the scope of the resentencing hearing itself. *Willis II* reaffirmed that authority. *Willis II*, 649 F.3d at 1255-56 (resentencing judge was free to *not* reconsider what he had already resolved on the original sentencing, and which had not been disturbed on direct or collateral appeal).

Willis fails to show a viable argument that Hamilton could or should have raised to secure a different result.[5] For that matter, Hamilton *did* raise the issue before the resentencing judge, doc. 1021 at

---

[4] No Due Process or Double Jeopardy concerns are implicated where no net sentence increase results. *United States v. Rozier*, 485 F. App'x 352, 357 (11th Cir. 2012. Here Willis reaped a substantial net *decrease*, just not as much as he wanted.

[5] He also seems to complain that Hamilton should have properly appealed the undersigned's determination, on the first § 2255 motion, that Willis's other five IAC claims (*see supra* n. 2) were without merit. Doc. 1365 at 54-56. However, he fails to show how Hamilton would have prevailed on any of them.

5

17-18, as well as on appeal. *Willis II*, 649 F.3d at 1258-59. Hence, Willis's IAC claim against him fails.[6]

## B. Plea Agreement Breach

Willis next claims that Hamilton was ineffective for failing to argue that the government breached its plea agreement. Doc. 1365 at 27-33. The sentencing transcript and appellate arguments clearly show that the government meticulously adhered to its obligation. Doc. 900 at 4 (its plea-agreement obligation to merely "consider whether" any cooperation by Willis "qualifies as substantial assistance" and explaining to him that such determination rested solely with the government); doc. 1021 at 19-21 (government's presentation during sentencing); *Willis II*, 649 F.3d at 1258-59. It was *not* obligated to claim, as Willis contends, that the district judge lacked discretion on the downward departure component.

---

[6] The *Willis II,* "sentence reconfiguration" ruling is now the law of this case. *Pepper v. United States*, 131 S.Ct. 1229, 1250-51 (2011) ("when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.") (quote and cite omitted); *Rozier*, 485 F. App'x at 356 (prior decision affirming defendant's original total sentence -- that his drug and firearms offenses were interdependent -- was now the law of the case barring jurisdiction to hear for challenge to interdependence again; "Because we already decided the interdependence question in an earlier appeal, we may not reconsider it, pursuant to the law-of-the-case doctrine, and Rozier has not identified any reasons why the doctrine should be overcome."); *McCullough v. United States*, 2012 WL 3113990 at * 3 (S.D. Ga. Jul. 31, 2012) (rejecting plea-breach claim under law of the case doctrine). That means Willis cannot "re-appeal" that result by repackaging the same appellate argument as a § 2255 claim. *United States v. Nyhuis*, 211 F.3d 1340 (11th Cir. 2000).

That is simply not the law (in fact, the judge *did* have discretion). Plus Willis agreed that "the government reserves the right to either take no position as to the appropriate amount of departure and defer entirely to the Court, or, in its discretion, to make any recommendation it deems appropriate respecting the degree of departure." Doc. 900 at 4. The government operated well within those parameters. And the resentencing judge, obviously not a party to the agreement, was free to (and did) resentence within the *Stinson* limits.

Willis also contends (as a separate, substantive claim) that the government breached its plea agreement by failing to: (1) diligently pursue the first promised sentence reduction and (2) move for an additional reduction after the capture of fugitive Julius Pinkston. Docs. 1364, 1365, 1378, 1379. The record shows, however, that the government kept its word. At the re-sentencing, it meticulously detailed Willis's assistance, including during his post-conviction phase. Doc. 1021 at 19-21. Willis fails to show what more it the law compelled it to do.

**C. Sentence Disparity**

Movant's sentence disparity claim (that his sentence is unduly disparate from his co-defendants, and Hamilton was ineffective for

failing to raise it at sentencing and on appeal), doc. 1365 at 33-37, is baseless. As demonstrated by the government's unrebutted showing, doc. 1383 at 29-33, no co-defendant stood similarly situated to him, which is an indispensable prerequisite to such a claim. *United States v. DoCampo*, 573 F.3d 1091, 1101-02 (11th Cir. 2009). Hence, he cannot show that Hammond's performance was deficient.

### D. Vindictiveness

Willis also faults Hamilton for failing to argue that the re-sentencing judge acted vindictively in refusing to reapply the same downward departure at re-sentencing. Doc. 1365 at 20-26. Note that ordinarily "a district court's refusal to apply a downward departure is within the court's discretion and may not be appealed, provided the court recognized that it had the power to so depart from the guideline range." *Willis II*, 649 F.3d at 1258-59. Here the judge specifically found that Willis has made crime his career and cynically plays the "substantial assistance" card (resulting in a downward departure recommendation from the prosecution) every time he gets caught. Doc. 1021 at 17-22. So long as the judge understands that he has the power to grant the downward departure but exercises his discretion *not* to do so, the

appellate court *lacks jurisdiction* to review that result. *Willis II*, 649 F.3d at 1258-59; *United States v. Guerard*, 469 F. App'x 711, 712 (11th Cir. 2012). Willis' resentencing judge evinced a clear understanding that he had and did exercise that discretion, doc. 1021 at 17 ("Of course, the whole sentencing apparatus is advisory."), when he imposed a *lower* sentence (151 months) than the first sentence (192 months). Hamilton thus cannot be shown to be ineffective here.

But there is more to this claim. Willis "has a Fifth Amendment due process right not to be subjected to vindictive resentencing following his successful § 2255 petition." *United States v. Raygosa-Esparza*, 566 F.3d 852, 854 (9th Cir. 2009). A greater sentence upon resentencing establishes a presumption of vindictiveness,[7] which means a *lower* sentence shows the opposite. While Willis received a lower sentence here, he insists that this case is an exception -- the judge was vindictive by denying him the very same departure (the grounds for which were *strengthened* by Willis's continued cooperation beyond *Willis I*) at re-

---

[7] *United States v. Arrington*, 255 F.3d 637, 639 (9th Cir. 2008); *see also United States v. Shuster*, 2012 WL 5834906 at * 2 (2nd Cir. Nov. 19, 2012) (if the same sentence is given on resentencing, no presumption of vindictiveness attaches, but the movant can still show actual vindictiveness); *Bryant v. Secretary, Dept. of Corrections*, 2012 WL 1071930 at * 6 (N.D. Fla. Feb. 15, 2012) ("In the absence of a presumption of vindictiveness, Petitioner must demonstrate actual vindictiveness.").

sentencing that he gave him during the original sentencing. (Willis calculates, as did the Probation Department, a 124 month sentence on that score, doc. 1365 at 18; doc. 1364-3 at 2-3, yet he received 151.) In other words, with all things being equal, he should have received an even lower sentence. And Hamilton, in turn, was ineffective for failing to argue that on appeal. Doc. 1365 at 23-25.

The Court rejects that contention because, even accepting Willis' assertions as true, doc. 1365 at 22 (he claims the judge, with caustic tone, double-counted prior offenses and "even cut the Government off when they were trying to re-assert their request for a significant departure. . . ."), Willis still received the low end of the guidelines range, as recalculated to omit the erroneous career-offender enhancement. Put another way, the judge (per *Stinson*) was free to reconsider the sentence anew and reconfigure its supporting components. That means he could have imposed a sentence from the higher end of the applicable sentencing range. Yet, he selected the *lowest* end of it. Based on the judge's *de novo* consideration of Willis's criminal history -- again, he was free to reconsider the original sentence anew -- he simply exercised his

discretion to choose the lowest (151 months) end of Willis's otherwise undisputed sentencing range, then stopped there.

And in deciding to deny the downward departure, the judge was fully authorized to *reconsider* how many breaks Willis had received by that point in deciding, upon resentencing, that he is an unrelenting criminal and simply needs to be locked up for no less than 151 months. It is not beyond the realm of reason to conclude that the judge would have arrived at that number on the first sentencing if the career-offender enhancement had been properly excluded.

All of that, of course, strikes at the *essence* of sentencing determinations. *See United States v. Bailey*, 206 F. App'x 650, 653 (8th Cir. 2006) (rejecting a vindictive sentencing claim based on the application of a guidelines enhancement to calculate a second sentence when the enhancement was not used to calculate the first sentence but the second sentence was no longer than the first); *United States v. Arrington*, 255 F.3d 637, 639 (8th Cir. 2001) (resentencing of defendant after determination that there was no factual basis for stolen firearm enhancement was not vindictive, and thus did not violate defendant's due process rights, even though his original sentence was at bottom of

guideline range calculated with enhancement and new sentence was at top end of range calculated without enhancement, where sentence on remand was identical to original sentence); *United States v. Burruel-Lopez*, 407 F. App'x. 134, 135 (9th Cir. 2010) (district court did not abuse its discretion by rejecting plea agreement's stipulated sentence; district court did not apply a categorical rule, but analyzed defendant's circumstances and offered specific, individualized reasons why the proposed sentence was insufficient, including defendant's criminal history, past sentences for the same offense, and lack of deterrence). So even if it may be said that Hamilton should have tried to argue actual vindictiveness on appeal, Willis fails to show how he could have navigated around that road block. Hence, his IAC claim also fails.

### E. Reasonableness

Willis also faults Hamilton for failing to argue on the *Willis II* appeal that the resentence was procedurally unreasonable because the judge failed to consider the 18 U.S.C. § 3553(a) factors at sentencing. Doc. 1365 at 38-40. "For a sentence to be procedurally reasonable, the district court must properly calculate the guideline range, treat the guidelines as advisory, consider the factors set forth in 18 U.S.C. §

3553(a), select a sentence based on findings of fact that are not clearly erroneous, and adequately explain the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007)." *United States v. Lynn*, 2013 WL 150235 at * (11th Cir. Jan. 15, 2013). "A sentence is unreasonable if it contains significant procedural error, such as an improper calculation of the guidelines range." *United States v. Hall*, No. 11-14698, ___ F.3d ___, 2013 WL _____, (11th Cir. Jan. 16, 2013) (citing *Gall*, 552 U.S. at 51).

This claim also fails. First, the judge expressly acknowledged the § 3553(a) requirement. Doc. 1021 at 30. Second, there was no need for him to explicitly cite each factor. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). And third, his comprehensive explanation, as it emerged during his colloquy with Willis, his lawyer, and the prosecutor, doc. 1021 at 16-31, easily satisfies § 3553(a)'s command in that he explained his application of the factors, and movant shows no erroneous application of the guidelines or other factors. *See, e.g., United States v. Wesley*, 441 F. App'x 655, 658 (11th Cir. 2011) ("Here, the district court did not explicitly mention the § 3553(a) factors, although the dialogue between the court and the parties implicates several § 3553(a) factors. . . . Because the record indicates the district court considered Wesley's

arguments and the substance of the § 3553(a) factors, Wesley has not met his burden to show procedural error."). Willis thus cannot show ineffectiveness here, either.

Movant's related claim -- that Hamilton was ineffective for failing to argue that the judge erred by relying on matters other than the government's § 5K1.1 motion, doc. 1365 at 40-44, is frivolous. Section 5K1.1 itself says the judge "may" depart from the guidelines, and it is black letter law that the decision is discretionary, which means other factors can and should be considered. *United States v. Manella*, 86 F.3d 201, 204 (11th Cir. 1996); *United States v. Davis*, 679 F.3d 190, 195-96 (4th Cir. 2012); *United States v. Adamson*, 2012 WL 4341809 at * 12-13 (N.D. Ala. Aug. 13, 2012). Movant's cases are easily distinguishable. Since he cannot show that Hammond's representation was deficient here, his IAC claim fails.

**F. Firearm Enhancement**

Finally, Willis faults Hamilton for failing to argue on appeal that his *first* lawyer was ineffective for failing to argue on his first appeal that Willis did not qualify for the two-level firearm sentencing enhancement applied to him. Doc. 1365 at 44-53. This Court already ruled on that.

Doc. 937 at 7-13. It thoroughly analyzed the evidence on which Willis has relied to show that no reasonable attorney would have failed to press this issue, and it rejected all of it. *Id.* As the Court then said, a reasonable attorney certainly could have found highly suspect Willis's supporting evidence against this particular enhancement. *Id.* at 10. Substantively speaking, Willis has provided nothing new here. He has failed to show that counsel performed deficiently by failing to litigate this claim on his behalf. Hence, this claim also fails.

## II. CONCLUSION

The Court **GRANTS** the motions of Charles Anthony Willis to amend, docs. 1378 & 1379, but **DENIES** his evidentiary hearing motion, doc. 1366, and recommends that his § 2255 motion be **DENIED**. Doc. 1364. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken

in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 30th day of January, 2013.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**
　　　　　　　　　　　　　　　　　　**SOUTHERN DISTRICT OF GEORGIA**