UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| CHARLES ANTHONY WILLIS, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | Case No. CV612-089 |
| | ) | CR606-026 |
| UNITES STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Serving a 151-month sentence, doc. 1007, Charles Anthony Willis has filed a *third* 28 U.S.C. § 2255 motion, masquerading as an "Amended Petition." Doc. 1520.[1] Willis challenges his sentence by invoking *Alleyne v. United States*, ___U.S. ___, 133 S. Ct. 2151 (2013) (extending what's known as the *Apprendi* doctrine to statutory minimum penalties by holding that "any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury"). Doc. 1520 at 4-25. But "*Alleyne*'s rule does not apply retroactively on collateral review." *Chester v. Warden*, 552 F. App'x 887, 891 (11th Cir. 2014); *United States*

---

[1] The Court is citing only to the criminal docket and using its docketing software's pagination; it may not always line up with each paper document's printed pagination.

v. *Winkelman*, 746 F.3d 134, 136 (3rd Cir. 2014); *McKeever v. United States*, 2014 WL 2593328 at * 5 (S.D. Ga. June 9, 2014). Because Willis cannot meet § 2255's savings clause,[2] his latest § 2255 motion must (doc. 1520) must be **DENIED** as successive.

Applying the Certificate of Appealability (COA) standards, the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 20th day of June, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] See *Williams v. Warden. Fed. Bureau of Prisons*, 713 F.3d 1332, 1343 (11th Cir. 2013) ([t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion."); *Mendoza v. Hastings*, 2014 WL 1665222 at * 3 (S.D. Ga. Apr. 25, 2014).