IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 606-026-4 |
| | * | |
| CHARLES WILLIS | * | |

**O R D E R**

Before the Court in the captioned case is Defendant Charles Willis's request to terminate his term of supervised release.[1] On September 25, 2007, Willis pled guilty to one count of conspiracy to possess with intent to distribute, and to distribute, a quantity of cocaine hydrochloride and a quantity of cocaine based, in violation of 21 U.S.C. § 846. On January 8, 2008, Willis was sentenced to 192 months imprisonment and five years of supervised release. He was also ordered to pay a $100 special assessment and a $10,000 fine. The term of imprisonment was later reduced to time served pursuant to 18 U.S.C. § 3582(c)(2).[2] (See Order of May 22, 2015, Doc. 1582.)

Willis was released from the Bureau of Prisons and

---

[1] The Government has not yet filed a response.

[2] In the interim, Willis's sentence was amended upon a determination that he was not a career offender and had improperly received a three level enhancement to the guideline range. The resulting sentence was 151 months imprisonment while all other terms remained the same. (See Amended Judgment of Oct. 22, 2009, Doc. 1007.)

commenced supervision in this district. This is not Willis's first experience with supervised release in the federal system however. In fact, Willis was granted early termination of a prior term of supervised release in the Northern District of Georgia, which he was serving upon a prior felony drug conviction. Within two years of said termination, Willis became involved in the drug conspiracy leading to the underlying conviction in this case. Accordingly, while Willis has completed nearly two and a half years of supervision with no issues of noncompliance, the United States Probation Office opposes early termination. Willis's adjustment to supervision in this district is commendable, but this Court has an obligation to ensure public safety. Given Willis's past significant involvement in the drug business, supervision of this Defendant remains necessary.

Upon due consideration of the recommendation of the Probation Office and the factors set forth in 18 U.S.C. § 3553(a), Willis's motion for early termination of supervised release (doc. 1696) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 18th day of June, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA