# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR606-026 |
| | ) | |
| CHARLES WILLIS, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Before the Court is defendant's motion for new counsel. Doc. 1720. The Court scheduled this matter for a hearing to inquire into the reasons for defendant's dissatisfaction with his court-appointed attorney. At that hearing defendant indicated that he was displeased with his counsel's lack of urgency to review certain key evidence in the Government's case against him and refusal to turn that evidence over to a family member for review.

Having demonstrated his indigency to the Court, Willis "has an absolute right to be represented by counsel, but he does not have a right to have a particular lawyer represent him . . . , nor to demand a different appointed lawyer except for good cause." *Thomas v. Wainwright*, 767 F.2d 738, 742 (11th Cir. 1985); *see Morris v. Slappy*, 461 U.S. 1, 11-15 (1983) (declining to create a Sixth Amendment right to a "meaningful attorney-

client relationship"). Good cause for substitution requires a showing that a defendant's appointed counsel cannot provide adequate assistance for one of several reasons, such as a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict between counsel and his client. *United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973). As explained by the Court at the hearing, mere disagreement in strategy is not good cause to replace counsel. Only if another attorney lodges his notice of appearance to the docket, including an attorney retained by defendant's family, will Ms. Hastay be relieved of her obligation to represent defendant during his revocation proceedings.

As established at the hearing, defendant's counsel, Ms. Hastay, is an experienced litigator who is able and willing to represent defendant at any stage of this revocation proceeding. To the extent defendant seeks replacement counsel at public expense, that motion is **DENIED**. *Wainwright*, 767 F.2d at 742.

One further matter remains. Willis has filed a *pro se* motion to revisit the issue of his detention. Doc. 1719. The Local Rules, however, do not permit a criminal defendant who is represented by counsel to file any document pro se without prior leave. *See* S.D. Ga. L. Crim. R. 44.2

("Absent prior leave of Court, a defendant represented by counsel may not file a motion, brief, or other paper pro se, except for a motion for the appointment of new counsel or a motion to proceed pro se."); *see also Cross v. United States*, 893 F.2d 1287, 1291-92 (11th Cir. 1990) (a defendant who is represented by counsel has no right to act as his own co-counsel, i.e. there is no right to "hybrid representation" partly by counsel and partly by defendant). That motion is thus **DENIED** as moot.

**SO ORDERED,** this  15th  day of May, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA